IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KAREN, L.**[1], | Case No. 6:22-cv-1678-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, | |
| Defendant. | |

Robyn M. Rebers, ROBYN M. REBERS, LLC, PO Box 3530, Wilsonville, OR 97070. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Scott Eilliott, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Karen L. (Plaintiff) seeks judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act (Act). As explained below, the Court affirms the Commissioner's decision.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The decision of the administrative law judge (ALJ) is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225.

**BACKGROUND**

**A.  Plaintiff's Application**

Plaintiff applied for DIB on December 18, 2017, alleging a disability onset date of August 18, 2017. Plaintiff was 61 years old on her alleged onset date. AR 82. Prior to her alleged disability she worked as a research analyst for the state of Oregon. AR 321. Her claims for

disability were initially denied on June 27, 2018, and on reconsideration on February 25, 2019. AR 82-95, 97-111. Plaintiff requested a hearing before an ALJ, and her first hearing was held on May 27, 2020. AR 56. On June 10, 2020, the ALJ issued an opinion denying Plaintiff's claims for disability. AR 129-43. The Appeals Council remanded Plaintiff's case to the ALJ with instructions to "[g]ive further consideration to the claimant's maximum residual functional capacity." AR 151. The ALJ held a second hearing on August 18, 2021. AR 36-55. On October 29, 2021, the ALJ issued her second opinion, again denying Plaintiff's claims for disability. AR 12-29. The Appeals Council denied Plaintiff's request for review on September 12, 2022, making final the ALJ's decision. AR 1. Plaintiff now appeals to this Court.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Keyser*, 648 F.3d at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098

PAGE 3 – OPINION AND ORDER

(9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099; *see Bustamante*, 262 F.3d at 954.

## C. The ALJ's Decision

As a preliminary step, the ALJ found Plaintiff met the insured status requirements through September 30, 2021. AR 17. At step one of the sequential analysis, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 18, 2017 through her date last insured of September 30, 2021. *Id.* At step two, the ALJ identified the following severe impairments: "lumbar radiculopathy, obesity, and chronic obstructive pulmonary disease." *Id.*

At step three, the ALJ found that Plaintiff did not meet the severity requirements of any listed impairment in 20 C.F.R. Part 404, Subpart P, App'x 1. AR 20. The ALJ next assessed Plaintiff's Residual Functional Capacity (RFC). The ALJ determined that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1576(B), except

> she could occasionally climb ramps and stairs. She could never climb ropes, ladders, or scaffolds. She could occasionally balance, stoop, crouch, crawl, and kneel. She could tolerate no exposure to fumes, gases, dust, odors, other pulmonary irritants, or workplace hazards. She needed to change position between sitting and standing in 15- to 20-minut intervals or 30- to 60-minute intervals at her option.

AR 21.

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a research analyst. AR 28. Thus, the ALJ found that Plaintiff is not disabled as that term is defined under the Act. The ALJ did not reach step five.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly rejecting her subjective symptom testimony, and (2) not including all her supported limitations in her RFC. The Court addresses each argument in turn.

### A. Subjective Symptom Testimony

#### 1. Standard

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, *available at* 2017 WL 5180304, at *6 (Oct. 25, 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, *available at* 2016 WL 1119029, at *1-2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical

PAGE 6 – OPINION AND ORDER

reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

**2. Analysis**

Plaintiff testified that she had to stop working because her back pain made it hard for her to focus. AR 65. She explained that if she sits "for any length of time, it really hurts. And then, I would tend to focus on the pain instead of the work." AR 70. Her medication helps with the pain, "[b]ut it doesn't take it away." AR 71. She testified that she takes oxycodone every six hours, and pregabalin. AR 44. Plaintiff testified that she downsized from her house to an apartment because she could not keep the house up anymore. AR 68. She explained she was no longer able to keep her house as clean as she used to. AR 48. For groceries, she testified that she ordered them online and the clerks at Fred Meyer would load them into her car, and then it would take her 15-20 minutes to unload her car and put the groceries away. AR 46.

The ALJ found Plaintiff's statements regarding the intensity and limiting effect of her symptoms not entirely consistent with the evidence in the record. AR 22. Specifically, the ALJ discounted Plaintiff's subjective symptom testimony because her symptoms improved with treatment and her testimony was inconsistent with her daily living activities.

PAGE 7 – OPINION AND ORDER

### a. Improvement with Treatment

A claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms." 20 C.F.R. § 416.929(c)(3). "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purposes of determining eligibility for SSI benefits."). Routine, conservative treatment can be sufficient to discount a claimant's subjective testimony regarding the limitations cause by an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

The ALJ reasonably concluded that Plaintiff's back pain symptoms responded well to treatment. Plaintiff consistently reported to her medical providers that her pain medications were effective. *See, e.g.*, AR 532 (Sept. 28, 2018 – "Uses pain meds to help her function and care for herself"); 635 (June 3, 2019 – "Is taking oxycodone with good relief of her pain symptoms"); 671 (Mar. 17, 2021 – "Doing well on her current does of Oxycodone 5 mg 3-4 times a day."); 683 (July 27, 2021 – "Current pain medication regimen allows for patient to perform [activities of daily living]."). Additionally, as the ALJ noted, when Plaintiff complied with her oxygen regimen for treatment of her pulmonary condition, she reported to her medical provider that she "noticed an improvement in her exercise capacity." AR 635. Finally, from September 28, 2019, through the end of the medical record, although Plaintiff was seeing her medical providers regularly, Plaintiff reported to her medical providers that her medications were providing relief, she did not report only partial relief, that she was still experiencing pain, or that she had an inability to focus due to pain. AR 612, 616, 620, 590, 635, 628, 641, 609, 610, 647, 663, 664, 670, 671, 675, 682. The ALJ reasonably concluded that such a positive response to treatment

was inconsistent with Plaintiff's testimony, and the conclusion is supported by substantial evidence in the record.

### b. Daily Living Activities

Daily living activities may provide a basis for discounting subjective symptoms if the plaintiff's activities either contradict his or her testimony or meet the threshold for transferable work skills. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *Orn*, 495 F.3d at 639. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). A claimant, however, need not be utterly incapacitated to receive disability benefits, and completion of certain routine activities is insufficient to discount subjective symptom testimony. *See Molina*, 674 F.3d at 1112-13 (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) ("One does not need to be 'utterly incapacitated' in order to be disabled."). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity be inconsistent with the plaintiff's claimed limitations to be relevant to his or her credibility and noting that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

The ALJ specifically found Plaintiff's testimony about her inability to focus inconsistent with her living activities. AR 25. The ALJ noted that Plaintiff "reported inability to focus on the work that she did. However, the record shows she retains sufficient concentration to drive, perform activities of daily living, prepare simple foods, manage her own finances, read, and play

PAGE 9 – OPINION AND ORDER

board games." *Id.* The ALJ also noted that Plaintiff never mentioned to her medical providers her inability to focus due to pain, and instead reported that her pain medications were providing relief. *Id.* The ALJ rationally concluded that her ability to perform her daily activities conflicted with her testimony that she is unable to focus due to her pain, and the ALJ's interpretation must be upheld. *See Burch*, 400 F.3d at 679. Plaintiff's activities of daily living was a clear and convincing reason supported by substantial evidence to discount Plaintiff's testimony.

**B.  RFC Limitations**

Finally, Plaintiff argues that the RFC is not supported by substantial evidence because the RFC did not include all the limitations from her testimony. Because the ALJ's reasons for discounting Plaintiff's testimony were clear and convincing, as well as supported by substantial evidence, the ALJ was not required to incorporate such limitations into the RFC. Plaintiff offers no other arguments regarding the ALJ's RFC or her finding at step four, therefore the Court finds the ALJ's RFC was supported by substantial evidence and not erroneous.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff was not disabled.

**IT IS SO ORDERED**.

DATED this 19th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge